IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| In re PLX TECHNOLOGY INC. STOCKHOLDERS LITIGATION | § § § § § § § § § | No. 571, 2018<br><br>Court Below: Court of Chancery of the State of Delaware<br><br>C.A. No. 9880-VCL |

Submitted: May 15, 2019
Decided:   May 16, 2019

Before **STRINE**, Chief Justice; **VALIHURA**, **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices; constituting the Court *en Banc*.

# **O R D E R**

(1)     In this case, the Court of Chancery determined in a thorough post-trial opinion that an activist hedge fund, defendant Potomac Capital Partners II, L.P. ("Potomac"), aided and abetted a breach of fiduciary duties by the directors of PLX Technology Inc. ("PLX" or the "Company") in connection with a sale of the Company, but that the plaintiffs failed to prove damages.[1]  In deciding the damages issue, the Court of Chancery observed that "[t]he plaintiffs theorized that the Company should have remained a standalone entity and maintained that its value in that configuration was $9.86 per share," but they "failed to prove that valuation,

---

[1] *In re PLX Technology Inc. S'holders Litig.*, 2018 WL 5018353 (Del. Ch. Oct. 16, 2018).

which was 50% higher than the Merger consideration."[2]  As a result, the court entered judgment for Potomac.

(2)     On appeal, the plaintiff-appellants contend that the Court of Chancery erred in deciding the damages issue by importing principles from our appraisal jurisprudence to give deference to the deal price.  On cross-appeal, Potomac argues that the Court of Chancery erred in finding (i) a breach of fiduciary duties, (ii) that Potomac aided and abetted that breach, and (iii) that the stockholder vote was not fully informed.

(3)     As to the damages issue, we affirm the Court of Chancery's decision that the plaintiff-appellants did not prove that they suffered damages.

(4)     Because our affirmance of the Court of Chancery's determination that the plaintiff-appellants did not prove that they suffered damages suffices to affirm the judgment in favor of Potomac, we need not and therefore do not reach Potomac's arguments on cross-appeal.  To be clear, that means that we need not and do not address whether the Court of Chancery was correct in any of its other determinations, including that Potomac was responsible for any breach of fiduciary duty by any PLX director or that any underlying fiduciary duty breach occurred, and we affirm solely on the basis that the Court of Chancery was within its discretion in determining that the plaintiff-appellants did not prove that they suffered damages.

---

[2] *Id.* at *2.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice